UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL SIMS,

                Petitioner,                CIVIL ACTION NO. 07-cv-14016

    vs.

                                    DISTRICT JUDGE GERALD E. ROSEN

BLAINE C. LAFLER,              MAGISTRATE JUDGE MONA K. MAJZOUB

                Respondent.

_____/

REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** This Court recommends that Petitioner's Petition for Writ of

Habeas Corpus (Docket nos. 1, 9) be **DENIED**.

**II.**     **REPORT:**

    **A.**     **Procedural History**

A jury convicted Petitioner of assault with intent to commit great bodily harm less than

murder and assault and battery in the Third Circuit Court for the County of Wayne, case no. 05-

001703, on April 25, 2005 and sentenced him 10 to 20 years in prison. (Docket nos. 1 at 1, 8 at 1).

Petitioner was sentenced as a third habitual offender and given 93 days credit for time served for his

misdemeanor conviction. (Docket no. 8 at 1). Petitioner was on parole at the time he committed

the instant offense. (Docket no. 8 at 2). Petitioner filed an appeal with the Michigan Court of

Appeals. (Docket no. 1-2, at 17-21). On October 12, 2006 the Michigan Court of Appeals affirmed

Petitioner's conviction and sentence in an unpublished per curiam opinion. *See People v. Sims*, No.

262959 (Mich. App. Oct. 12, 2006) (Docket no. 1-2, at 17-21). The Michigan Supreme Court

denied Petitioner's application for leave to appeal on February 27, 2007.  *See People v. Sims*, No.

132504 (Mich. Feb. 27, 2007) (Docket no. 1-2, at 22).

Petitioner filed the instant habeas corpus petition on September 25, 2007.  (Docket no. 1).

Respondent filed a Response brief on April 7, 2008.  (Docket no. 8).  Petitioner filed a Reply brief

on May 9, 2008.   (Docket no. 9).   This case has been referred to the undersigned for a

Recommendation.  (Docket no. 10).  The Court dispenses with oral argument, and Petitioner's

petition is now ready for decision.

Petitioner raises five grounds for relief.  He alleges that the trial court committed reversible

error in refusing to permit the jury to reconsider and alter their verdict prior to being discharged, he

was denied a fair trial when the judge refused a request by the jury to review the transcripts

containing key testimony, the trial court abused its discretion by upwardly departing from the

sentencing guidelines, the trial court violated his Sixth Amendment right by relying on findings of

fact at sentencing which were unsupported by a jury verdict, and the trial court violated his due

process rights by refusing to instruct the jury on self-defense.  (Docket no. 1 at 14).

### B.    Factual Background

The charges arise from the shooting of Terrence Sanders in August 2004.  The Michigan

Court of Appeals summarized the testimony and evidence as follows:

> Here, the victim testified that defendant hit him in the head with a
> gun and shot him in the leg.  Also, [Officers] Dismuke and White
> testified that defendant stated after his arrest, "I didn't shoot him, I
> shot at him."
> . . .
> Here, the victim testified that defendant approached him and hit him
> on the head with a gun and that after the victim was hit on the head,
> a struggle ensued over the gun.  The victim broke away and went
> back to his friend's house.  When the victim reached his friend's
> porch, he noticed that defendant was coming toward him with a gun

pointed at him.  Defendant came on the porch, grabbed the victim by
his arm, pulled him off the porch, pointed his gun downward toward
the victim's lower body and shot him.  Defendant testified that he and
the victim got into a fight, which progressed down the block to his
friend's house, where the victim knocked on the door and was handed
a gun by his friend.  Defendant stated that he charged the victim, and
a struggle ensued over the gun.  Defendant stated that during the
struggle, the gun was in the victim's right hand and the victim
accidentally shot himself.  (Docket no. 1-2, pg. 21).

*Sims*, No. 262959, at 4-5 (Docket no. 1-2 at 20-21).

### C.      Standard of Review

Because Petitioner's application was filed after April 24, 1996, his petition is governed by

the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No.

104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

Among other amendments, the AEDPA amended the substantive standards for granting habeas relief

by providing:

(d) An application for a writ of habeas corpus on behalf of a person
in custody pursuant to the judgment of a State court shall not be
granted with respect to any claim that was adjudicated on the merits
in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or
involved an unreasonable application of, clearly
established Federal law, as determined by the
Supreme Court of the United States; or

(2) resulted in a decision that was based on an
unreasonable determination of the facts in light of the
evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**D.     Trial Court's Refusal To Permit The Jury To Reconsider And Alter Its Verdict Prior To Being Discharged**

Petitioner argues that the trial court erred when it refused to permit the jury to reconsider their initial verdict prior to being discharged.  Petitioner was charged with six counts.  At the end of the first day of jury deliberation, the jury notified the trial court that it had reached verdicts on counts one and six.  (Tr. 4/22/05, at 123-25, Docket no. 11-4).  The trial court took the verdict on these counts and the jury found Petitioner not guilty of count one armed robbery, and guilty of count six assault and battery.  *Id.* at 124-25.  The jury returned to deliberation and was sent home for the weekend when it failed to reach decisions on the remaining counts.  *Id*. at 127.  On Monday, the jury reached a guilty verdict on count two assault with intent to do great bodily harm less than murder.  (Tr. 4/25/05, at 3-5, Docket no. 11-5).  Defense counsel requested that the jury be polled.  After the jury was polled, the judge gave the deadlocked jury instruction and excused the jurors for the day.  The judge asked the jury to return the following day to continue deliberating.  *Id.* at 6-7.

On the third day of deliberation the jury sent three notes to the judge.  The first note asked for a copy of the testimony of three witnesses.  The second note asked, "can a juror change their mind on Count-Two, although the verdict was already reached?"  (Tr. 4/26/05, at 8).  The third note asked if the jurors may go out to lunch.  The defense counsel argued that the jurors should be allowed to reconsider all counts, including the verdicts already taken, and he acknowledged that he had agreed to take the partial verdicts in this case.  *Id*. at 9-10.  The trial court did not allow the jury to reconsider the counts.  *Id*. at 10.

Petitioner alleges that it was error for the trial court to refuse to allow the jury to reconsider its verdict prior to the jury being discharged and Petitioner raised this claim on appeal to the Michigan Court of Appeals.  The Michigan Court of Appeals rejected the claim and found that the

trial court did not err on this issue.  Petitioner now alleges that this was a violation of his rights and

that under Michigan law, the trial court judge had no authority to deny the jury's request to

reconsider the verdict with respect to count two.  "[I]t is not the province of a federal habeas court

to reexamine state-court determinations on state-law questions. In conducting habeas review, a

federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties

of the United States."  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Waters v.*

*Kassulke*, 916 F.2d 329, 335 (6th Cir. 1990).

Petitioner did not cite any Supreme Court precedent requiring the trial court to allow the jury

to reconsider its verdict on a count which had been announced in open court and on which the jurors

had been polled and had indicated that it was correct.  "A trial court may accept a partial verdict on

less than all counts of an indictment."  *See United States v. White*, 972 F.2d 590, 595 (5th Cir. 1992)

("[T]he court should not have allowed the jury to reconsider its verdict on Count 1.").  "A verdict

is final if (1) deliberations are over, (2) the result is announced in open court, and (3) the jury is

polled and no dissent is registered. ....  That no verdict was returned on Count 2 does not affect the

finality of the partial verdict on Count 1."  *Id.* at 595.  In the matter before the Court, the defense

counsel had agreed to take partial verdicts and the jury's deliberations on Count Two were over, the

jury's verdict on Count Two was announced in open court, and the jury was polled as to Count Two

at the defense counsel's request.  (Docket no. 11-5, at 4-6).  Petitioner has failed to show that the

Michigan Court of Appeal's resolution of this claim was contrary to or was an unreasonable

application of clearly established Federal law, as determined by the Supreme Court of the United

States or based on an unreasonable determination of the facts.  28 U.S.C. § 2254(d).  Petitioner's

first ground for relief should be denied.

**E.**   **Whether Petitioner Was Denied A Fair Trial When The Judge Refused A Request By The Jury To Review The Transcripts Containing Key Testimony**

Petitioner argues that the judge erred when he refused a request by the jury to review the transcripts containing key testimony.  During deliberations, the jury sent a note to the court requesting "a copy of the transcript of the testimony of Eric Woods, Paul Sims, and Terrance Sanders." (Tr. 4/26/05, at 7, Docket no. 11-6).  The judge stated that "[t]he Court would be inclined to tell them that those transcripts will not be available for at least a week, maybe even longer.  I guess I'll just tell them that it's not available." *Id.* at 7-8.  Petitioner's counsel stated on the record that "with respect to them getting the transcript, I have no problem with The Court indicating that the transcripts are unavailable." *Id.* at 9.  Petitioner raised this issue with the Michigan Court of Appeals, which found that "defendant waived this issue when his trial counsel agreed with the trial court's decision to deny the jury's request to review the transcripts.  An agreement by counsel with the decision of the court to deny a request to review the transcripts binds the defendant and effectuates a waiver of the issue." *Sims*, No. 262959, at 2 (Docket no. 1-2).

As set forth above, the Court is limited to deciding whether Petitioner's conviction violated the Constitution, laws, or treaties of the United States and may not re-examine state court determinations of state law. *See Estelle*, 502 U.S. at 67-68.  "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *United States v. Griffin*, 84 F.3d 912, 924 (7th Cir. 1996) (citing *United States v. Olano*, 507 U.S. 725, 733 (1993)).  "The right to object to jury instructions on appeal is waived if the record illustrates that the defendant approved of the instructions at issue." *Griffin*, 84 F.3d at 924.  In this instance, Petitioner's counsel explicitly confirmed the judge's instruction to the jury that the transcript was not available.

The Court finds that Petitioner waived this issue when his counsel agreed to instruct the jury that the transcript was unavailable.  The Court also notes that the failure to object to the jury instruction was also a procedural default for which Petitioner has not shown cause for the failure to object to the instruction at the time the judge inquired of the parties' counsel about the instruction. *See Thornton v. Jackson*, 2006 U.S. Dist. LEXIS 18380 at \*22 (E.D. Mich. Apr. 11, 2006) ("If the Petitioner cannot show cause for the procedural default, it is unnecessary for the court to reach the prejudice issue."); *see also Cordell v. Warren*, 2007 U.S. Dist. LEXIS 89318 (E.D. Mich. 2007). Petitioner's second ground for relief is procedurally defaulted and should be denied.

> **F.      Whether The Trial Court Abused Its Discretion By Equating Mr. Sims's Assertion Of Innocence With A "Lie" And Using That Opinion As A Basis For An Upward Departure From The Guidelines**

Petitioner argues that the judge failed to sentence him in accordance with the law because the judge equated Petitioner's assertion of innocence with a "lie" and used that opinion as a basis for an upward departure from the sentencing guidelines.  Petitioner's claims are based almost exclusively on state law, although in his Reply Brief, Petitioner added claims that he was denied due process and a constitutional right to testify on his own behalf and denied the constitutional right under the Sixth and Fourteenth Amendments to make his defense.  During sentencing, the trial court judge stated the following:

> "You lied on the stand.  You tried to get the jury to find you not guilty of these charges, because that was the decision you made.
> And you know what? The jury didn't buy it, and they found you guilty.
> And because you did that, The Court feels that you have to be punished more beyond what I normally would punish someone."

(Tr. 5/10/05, at 22-23, Docket no. 11-7).  The trial court sentenced Petitioner to 10 to 20 years in prison for his felony conviction and 93 days with credit for time served for his misdemeanor

-7-

conviction.   (Tr. 5/10/05, at 22-23, Docket no. 11-7).   The sentencing guideline range for

Petitioner's conviction for assault with intent to do great bodily harm less than murder was

calculated to be 29 to 85 months.  M.C.L. §§ 769.11, 777.21(3), 777.65.  Petitioner's minimum

sentence exceeds the guidelines by 35 months.  The trial court incorporated the prosecutor's reasons

for departing from the guidelines when he pronounced that "a lot of what I was going to say, Mr.

Dawson already said."   The prosecutor stated that the Petitioner has a history of being "not-

rehabilitative,"and that "he can't be rehabilitated."  (Tr. 5/10/05, at 18-19, Docket no. 11-7).  The

prosecutor pointed out that Petitioner is a prior felon and had five major misconduct violations while

incarcerated.  *See id.*

This issue was raised on direct appeal and the Michigan Court of Appeals rejected it.

As set forth in the Michigan Court of Appeals opinion, the trial court permissibly considered

discrepancies within Petitioner's testimony and articulated a "substantial and compelling" reason

for departing from the sentencing range.  As the Court of Appeals pointed out,

> [D]efendant's testimony was contrary to both the victim's testimony that defendant
> hit him on the head with a gun and later shot him in the leg, and to officers David
> Dismuke's and David White's testimony that defendant stated, "I didn't shoot him,
> I shot at him," after Dismuke arrested defendant.   Furthermore, defendant
> contradicted himself while testifying.  First he stated that he only went to the
> neighborhood to protect his sister and coerce the victim to leave his aunt's house.
> Later he stated that once the victim left defendant's aunt's house, defendant followed
> the victim down the street and continued fighting him, despite the victim's attempts
> to get away.   Moreover, defendant admitted that he used his cousin's name (Eric
> Woods) as an alias to deceive people, including the police on one occasion.
> Additionally, defendant's presentence investigation report indicates that he is a
> previously convicted felon who had received five "major misconduct violations
> while in [prison]."

*Sims*, No. 262959, at 3 (Docket no. 1-2).  As found by the Michigan Court of Appeals and shown

by the record, the trial court sufficiently articulated the reasons for its sentencing decision.

Claims which arise out of a state trial court's sentencing decision "are not generally cognizable upon federal habeas review, unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law." *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001); *see also Gonzales v. Romanowski*, 2008 U.S. Dist. LEXIS 8968 at *14-16 (Feb. 7, 2008). "'Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence.'" *See Mays v. Trombley*, 2006 WL 3104656 at *2 (E.D. Mich. Oct. 31, 2006) (citing *Shanks v. Wolfenbarger*, 387 F. Supp. 2d. 740, 752 (E.D. Mich. 2005)).

In making his Sixth and Fourteenth Amendment claims, Petitioner relies on *Faretta v. California*, 422 U.S. 806, 819 (1975), for the premise that he has the constitutional right to "make his defense." *Faretta* arose in the context of the accused's right to self-representation and therefore, the Court does not find it instructive on Petitioner's claim. Petitioner also relies on *Ferguson v. Georgia*, 365 U.S. 570, 596 (1961), for the premise that an accused has the right to testify on his own behalf. In *Ferguson*, the Court held that a state could not deny a defendant the right to have his counsel question him to elicit his unsworn testimony. *See id.* These cases are distinguishable on both the issues which were raised and the facts.

Any error in departing from the guideline range does not merit habeas relief. The cases cited by Petitioner do not show that the trial court's actions were contrary to or an unreasonable application of federal law. The trial judge "may properly consider the fact that a defendant's sworn testimony is inconsistent with the court's finding (or the jury's verdict) of guilty. Indeed, in some such instances the conclusion that the defendant has committed perjury may be inescapable, a circumstance a sentencing judge might well be censored for ignoring." *United States v. Wallace*,

-9-

418 F.2d 876, 878 (6th Cir. 1969); *see also U.S. v. Grayson*, 438 U.S. 41, 53-54 (1978) (Petitioner's

"argument that judicial consideration of his conduct at trial impermissibly "chills" a defendant's

statutory right, . . . and perhaps a constitutional right to testify on his own behalf is without basis.");

and *Fabiano v. Wheeler*, 583 F.2d 265, 270 (6th Cir. 1978) ("Trial judges are given broad discretion

in sentencing under our system.  Many matters other than the facts proven at trial may enter into the

sentencing decision.").

The trial court's calculation did not violate Petitioner's Sixth or Fourteenth Amendment

rights and the Michigan Court of Appeals decision was neither contrary to nor an unreasonable

application of clearly established Supreme Court precedent and was not based on an unreasonable

determination of the facts.  Petitioner's third ground for relief should therefore be denied.  28 U.S.C.

§ 2254(d).

**G.     Whether The Sixth Amendment Precludes Findings Of Fact At Sentencing Unsupported By A Jury Verdict Or A Defendant's Waiver Of The Right To A Jury Determination If The Finding Increases The Severity Of The Sentence**

Petitioner argues that the trial court denied his Sixth Amendment rights when it scored

offense  variable (OV) 1 at 25 points and OV-2 at 5 points (both related to the discharge and/or

possession of a firearm) based on facts not proven to the jury beyond a reasonable doubt[1]. Petitioner

argues that there was "no jury determination by proof beyond a reasonable doubt that Petitioner

possessed a gun," therefore the trial court abused its discretion in upwardly departing from the

sentencing guidelines based on firearms.

_____

[1] Petitioner in his brief states that his "attorney objected to the scoring of OV-1 and OV-3."
This appears to be a typo, however, because the transcript of the sentencing hearing shows that
Petitioner's attorney objected to OV-1 and OV-2 and the substance of Petitioner's arguments and
the Michigan Court of Appeals opinion addresses OV-1 and OV-2.  The transcript shows that
Petitioner's counsel expressly agreed to scoring OV-3 at ten.  (Tr. 5/10/05, at 14, Docket no. 11-7).

As set forth above, a claim "that the state trial court incorrectly scored or calculated [Petitioner's] sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim." *Mays*, 2006 WL 3104656 at *2 (citing *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006)).

The Michigan Court of Appeals found that the "trial court may rely on information from several sources, including the presentence investigation report, a defendant's admissions, or testimony from a preliminary examination or trial." *Sims*, No. 262959 at 4 (citing *People v. Adams*, 425 N.W.2d 437 (1988); *People v. Fleming*, 410 N.W.2d 266 (1987)). As set forth in the Michigan Court of Appeals's opinion, the trial judge based the scoring on record evidence, including the victim's testimony that the Petitioner "hit him in the head with a gun and shot him in the leg." *Sims*, No. 262959 at 4. The record also contains witnesses' testimony that after his arrest, Petitioner stated, "I didn't shoot him, I shot at him." *Id.* at 4. The Michigan Court of Appeals found that the trial court "did not abuse its discretion even though it based scoring on facts that were not reflected in the jury's verdict or admitted by defendant." *Id.* at 4 (citing *People v. Drohan*, 715 N.W.2d 778 (Mich. 2006); *People v. McLaughlin*, 672 N.W.2d 860 (Mich. App. 2003)).

Petitioner relies on *Blakely v. Washington*, 542 U.S. 296 (2004) to support his Sixth Amendment argument. In *Blakely*, the Supreme Court held that the state trial court sentencing the petitioner to more than three years above the 53-month statutory maximum of the standard range for his offense based on facts that were neither admitted by defendant nor found by a jury violated the defendant's Sixth Amendment right to trial by jury. *See Blakely*, 542 U.S. at 303. As the Michigan Court of Appeals pointed out, the Michigan Supreme Court "has concluded that the limitation imposed on factual findings by *Blakely, supra,* applies only to determinate sentencing schemes, and

-11-

thus, does not affect the indeterminate sentencing scheme embodied in the Michigan sentencing guidelines." *Sims*, No. 262959 at 4 (citing *People v. Drohan*, 715 N.W.2d 778 (Mich. 2006); *People v. Claypool*, 684 N.W.2d 278 (Mich. 2004)); *see also Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. Oct. 26, 2007) (affirming finding that "*Blakely* does not apply to Michigan's indeterminate sentencing scheme.") .

The decision in *Blakely* does not apply to Petitioner's sentence and the trial court's calculation of Petitioner's sentencing guidelines range did not violate his Sixth Amendment rights. The Court should therefore deny Petitioner's fourth ground for relief.

**H.     Whether the Trial Court Violated Petitioner's Due Process Rights Because It Did Not Instruct The Jury On Self-Defense**

Finally, Petitioner argues that the trial court violated his due process rights by refusing the instruct the jury on self-defense. (Docket no. 1-2). Petitioner argues that he testified that "when he ran up to the porch to take the gun away from Mr. Sanders [the victim], a struggle ensued and Mr. Sanders shot himself in the leg." (Docket no. 1-2). Petitioner argues that the jury was presented with facts which would allow them to find that Petitioner acted in self defense when he struggled for the gun. (Docket no. 1-2).

The Michigan Court of Appeals rejected Petitioner's claim and found that Petitioner did not present evidence of self-defense. The Michigan Court of Appeals recited the applicable legal standards and found the following on this issue:

> Here, the victim testified that defendant approached him and hit him on the head with a gun and that after the victim was hit on the head, a struggle ensued over the gun. The victim broke away and went back to his friend's house. When the victim reached his friend's porch, he noticed that defendant was coming toward him with a gun pointed at him. Defendant came on the porch, grabbed the victim by his arm, pulled him off the porch, pointed his gun downward toward the victim's lower body and shot him. Defendant testified that he and the victim got into a fight, which

progressed down the block to his friend's house, where the victim knocked on the door and was handed a gun by his friend. Defendant stated that he charged the victim, and a struggle ensued over the gun. Defendant stated that during the struggle, the gun was in the victim's right hand and the victim accidentally shot himself. Defendant presented the theory that the victim shot himself. He never argued that he shot the victim in self-defense. Therefore, no evidence was presented that defendant acted in self-defense. . . . Accordingly, the trial court did not abuse its discretion when it denied defendant's request to instruct the jury on self-defense.

*Sims*, No. 262959 at 5 (docket no. 1-2).

The Michigan Court of Appeals correctly pointed out that Petitioner's testimony was that the victim shot himself. *See id*. The evidence before the trial court did not suggest the applicability of a self-defense instruction.

Petitioner relies on *Berrier v. Egeler* to argue that the under the Due Process clause of the U.S. Constitution, the trial court is required to instruct the jury on every essential element of the charged offense. *See Berrier v. Egeler*, 583 F.2d 515 (6th Cir. 1978), *cert. denied* 439 U.S. 955 (1978). *Berrier* is distinguishable because it addressed the trial court's failure to give a proper instruction of self-defense in a murder charge, effectively shifting the burden of proof from the prosecutor to the defendant and the defendant offered evidence to support a finding that he acted in self-defense. *See id.* Respondent cites *Mathews v. United States*, for the general proposition that "a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor." *Mathews v. United* States, 485 U.S. 58, 63 (1988) (citing *Stevenson v. United States*, 162 U.S. 313 (1896)). As respondent points out, however, *Mathews* is not controlling where there is "no basis upon which to overcome the state court's factual findings that there was not sufficient evidence" to support the defendant's theory. *See Mitzel v. Tate*, 267 F.3d 524, 537 (6th Cir. 2001).

"No due process violation occurs from the failure to give an instruction on a defense where

-13-

there was insufficient evidence as a matter of law to support such a charge." *Lakin v. Stine*, 80 Fed.

Appx. 368, 374 (6th Cir. June 12, 2003) (citing *Neuman v. Rivers*, 125 F.3d 315, 323-24 (6th Cir.

1997)(denial of writ upheld where district court properly found that there was insufficient evidence

to warrant instructions on self defense and intoxication); *United States v. Sarno*, 24 F.3d 618, 621

(4th Cir. 1994)(holding that where evidence insufficient as a matter of law to support duress defense,

no due process violation results from trial court's refusal to instruct jury on defense); *see also Taylor

v. Withrow*, 288 F.3d 846 (6th Cir. 2002) (finding that the "state trial court's ruling that there was

no evidence of justified self-defense, and its consequent refusal to instruct the jury on self-defense

and imperfect self-defense, did not involve either an unreasonable determination of the facts or an

unreasonable application of clearly established federal law." *Id.* at 854.)

Petitioner has failed to show that the decision of the Michigan Court of Appeals decision is

either based on an unreasonable determination of the facts or is contrary to, or involves an

unreasonable application of, clearly established Federal law as established by the Supreme Court.

Petitioner's fifth ground for relief should therefore be denied.  28 U.S.C. § 2254(d).

## III.   <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C.

§ 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver

of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health &

Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Filing of objections which raise some issues but fail to raise others with specificity, will not preserve

all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health

*& Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 09, 2009           s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Paul Sims and Counsel of Record on this date.

Dated: September 09, 2009           s/ Lisa C. Bartlett
                                     Courtroom Deputy